**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JOHNNY THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:06CV511** |
| vs. | ) | |
| | ) | **ORDER TO SHOW CAUSE** |
| **HY-VEE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

    This case is before the magistrate judge for full pretrial supervision. On September 28, 2006, the court filed an order setting the matter for a telephonic Rule 16 planning conference to be held January 8, 2007 at 11:00 a.m. The order specifically directed plaintiff's counsel, David Nich, to initiate the conference call. He did not do so.

    The court and opposing counsel attempted to contact Mr. Nich on January 8, 2007, so that the planning conference could be held or rescheduled. Mr. Nich did not answer the telephone and has not responded to the court's messages.

    The case cannot be progressed without the plaintiff's timely cooperation. Accordingly, pursuant to Fed. R. Civ. P. 16(f),[1]

    **IT IS ORDERED** that plaintiff's attorney, David Nich, shall show cause by written affidavit why sanctions (including the sanction of dismissal for failure to prosecute) should not be imposed for failure to obey the court's scheduling order. Said affidavit shall be filed no later than **January 17, 2007.**

    **DATED January 11, 2007.**

                                                         **BY THE COURT:**

                                                         **s/ F.A. Gossett**
                                                         **United States Magistrate Judge**

---

[1] Rule 16(f) provides:
    If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.